**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 98-1714

MAE C. CAMPBELL,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: September 15, 1998

Decided: October 16, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Mae C. Campbell, Appellant Pro Se. Orran Lee Brown, Sr.,
DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mae C. Campbell, a Dalkon Shield Claimant, appeals the district court's order denying her motion to set aside an alternative dispute resolution (ADR) decision. We vacate the district court's order with instructions that the district court remand the matter to the ADR referee for further proceedings.

The Debtor's Sixth Amended and Restated Plan of Reorganization established a trust fund to compensate persons injured by the Dalkon Shield intrauterine device. To resolve a claim, a Dalkon Shield Claimant must follow procedures set forth in a document called the Claims Resolution Facility (CRF). Under the CRF, claimants have several options to resolve their claims. A claimant choosing Option 3 may be eligible upon proper proof to receive more compensatory damages than are available under Option 1 or Option 2. Once a claimant provides proper medical and other evidence, the Dalkon Shield Claimants Trust (Trust) evaluates the claim and makes a settlement offer. If the claimant rejects the offer, the claimant may choose to proceed through In-Depth Review/Voluntary Settlement conference or other voluntary ADR process under § E4 of the CRF.

After rejecting the Trust's Option 3 offer, Campbell proceeded to ADR. She claimed that she suffered excessive bleeding, miscarriage, pelvic inflammatory disease, tubal ligation, and hysterectomy as a result of her Dalkon Shield use. The referee found that, although Campbell had used a Dalkon Shield, she had not met her burden of proving that any of the claimed injuries were attributable to use of the device. Therefore, the referee found in favor of the Trust. Campbell then moved to vacate the ADR decision. Following a hearing, the district court denied the motion. Campbell appealed.

Pursuant to its discretionary authority under the Claimants Trust Agreement, the Trust established Rules Governing Alternative Dis-

2

pute Resolution (Rules). Under the Rules, a presumption of causation of injury by the Dalkon Shield arises upon proof that a woman used a Dalkon Shield and that her injury is listed in Exhibit A of the CRF. Upon introduction of evidence which supports a finding of the non-existence of the presumed causation, however, the presumption is rebutted. The ultimate burden of proving causation rests with the claimant. See In re A.H. Robins Co. (Reichel v. Dalkon Shield Claimants Trust, 109 F.3d 965, 968-69 (4th Cir. 1997)).

Here, Campbell was entitled to the presumption set forth in Reichel. Because the referee did not apply the Reichel proof scheme, we vacate the order of the district court and remand this case to the district court. See Fairfax Covenant Church v. Fairfax County Sch. Bd., 17 F.3d 703, 709 (4th Cir. 1994) (Judicial"decisions almost always apply retroactively because they apply and interpret rules and principles that governed the conduct of the parties at the time that the controversy arose."). The district court in turn should remand the matter to the referee for consideration of the evidence in light of Reichel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3